# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DANNY O'NEAL JELKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:16-cv-01639-JHE |
| ROBERT MCDONALD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

On October 5, 2016, Plaintiff Danny O'Neal Jelks ("Jelks" or "Plaintiff") initiated this action, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 by Defendants Robert McDonald (then Secretary of Veterans Affairs) and Phyllis Curtis, Michal Kilcoyne, Dexter Carbonell, Allyn Mamalakis, Melissa Kindley, Edna McDonald, Cory Hawthorne, and Michael Duesenberg, all of whom are employees of the Department of Veterans Affairs ("VA"). (Doc. 1). Defendants responded with a motion to dismiss or, in the alternative, for summary judgment, alleging this Court lacks subject matter jurisdiction to consider Jelks' claims and, alternatively, they are entitled to judgment as a matter of law. (Doc. 8). Jelks filed a response in opposition, (doc. 11), and Defendants filed a reply brief, (doc. 14). After Defendants' reply, Jelks filed a document entitled "Plaintiffs Objection to the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment," (doc. 15), which the Court construes as a sur-reply. Jelks

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

has also moved for a hearing on Defendants' motion. (Doc. 16). For the reasons stated more fully below, the motion for a hearing is **DENIED** and the motion to dismiss is **GRANTED**.[2]

## I. Standard of Review

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even when a party does not assert a jurisdictional challenge, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir.2005). Simply put, a federal court is powerless to act beyond its constitutional or statutory grant of subject-matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001). Regardless of how the issue came before the court, a plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

A challenge to a court's subject-matter jurisdiction may come by way of a facial attack or a factual attack:

> Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

---

[2] Because the motion is granted as to dismissal of Jelks's claims, the undersigned does not address Defendants' motion to the extent it seeks summary judgment.

*Garcia v. Copenhaver, Bell & Assocs., M.D.s*, 104 F.3d 1256, 1261 (11th Cir.1997) (citations omitted). Because Defendants rely on documents which are outside of the pleadings, (*see* doc. 8 at 14-19), their challenge to the court's subject-matter jurisdiction is, at least in part, a factual attack. Under such an attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (per curiam) (citation omitted). Indeed, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir.2002); *Motta v. United States*, 717 F.3d 840, 844 (11th Cir.2013).

However, a court may only find that it lacks subject-matter jurisdiction "if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir.2003) (citations omitted). When a jurisdictional challenge implicates the merits of the plaintiff's claim, the court must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id*. (citations omitted). This ensures "a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion." *Id.* (citations omitted) (alterations in original). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## II. Background[3]

Jelks is a veteran of the United States armed forces. At some point, Jelks qualified for the Veterans Retraining Assistance Program ("VRAP") and intended to attend Lawson State Community College in Birmingham, Alabama. (Doc. 1 at 5). However, Jelks experienced problems with Lawson State's admissions process and chose instead to attend Birmingham Easonian Baptist Bible College ("BEBBC"), also in Birmingham. (*Id.*). Jelks was accepted to BEBBC on January 23, 2013. (*Id.*). Jelks was enrolled on the understanding he would resubmit his VRAP paperwork, but VA Education Officer Phyllis Curtis denied his request to use his benefits at BEBBC. (*Id.*). Jelks appealed to the Board of Veterans Appeals, but Board of Veterans Appeals Judge Michael E. Kilcoyne upheld the denial of benefits. (*Id.*). Jelks alleges other veterans were permitted to attend BEBBC using their VRAP benefits over the last twenty-three years and that denying him the ability to do so is discrimination. (*Id.*).

Additionally, Jelks claims the VA Regional Office in Nashville, Tennessee, has retaliated against him by denying every disability claim he has filed with it since he filed a wrongful termination suit against the VA in 2007. (*Id.*). Jelks alleges these claims—for earlier pay dates for service-connected injuries, depression, PTSC, "poly substance abuse," and penis surgery—have all been denied without a hearing or considering the evidence, in violation of VA rules, regulations, and policies. (*Id.* at 5-6). Jelks claims his medical records were altered by a clerk at

---

[3] The factual allegations in this section are taken from Jelks's complaint. The undersigned indicates below the extent to which their truth is assumed in this opinion.

4

a VA clinic in Murfreesboro, Tennessee, which affected his disability compensation, and that some of his military records have been destroyed or hidden by the Nashville, Tennessee, and Montgomery, Alabama VA offices. (*Id.* at 6). Jelks alleges he has been denied compensation for neck surgery and spinal cord injuries and that the VA refuses to surgically repair his lumbar region. (*Id.*). Finally, he states that the VA has refused to provide him his clothing allowance since 2012, forcing him to have to appeal these denials.[4] (*Id.*). Jelks, as a general matter, alleges the issues with his benefits are "how the VA system has treated [him] and so many other Black Veterans" and that his lawsuit is brought "to ensure that every American Soldier, regardless of his skin color, is treated EQUALLY[.]" (*Id.* at 8).

### III. Analysis

Defendants argue this Court has no subject-matter jurisdiction in part because Jelks has failed to exhaust his administrative remedies under the FTCA and under Title VII. (Doc. 8 at 5-8). Defendants also contend the Veterans Judicial Review Act ("VJRA") bars Jelks's claims for VA benefits and that his civil rights claims against them under 42 U.S.C. § 1983 are barred by sovereign immunity. (*Id.* at 8-10). Additionally, although they do not develop these arguments beyond assertion, Defendants argue the complaint should be dismissed for insufficient process and insufficient service of process under Rule 12(b)(4) and (5), for improper venue under Rule 12(b)(3), and for lack of personal jurisdiction under Rule 12(b)(2). (*Id.* at 10-11). In his response, Jelks contests the issue of improper service and explains his retaliation claim; he does not address any of the issues Defendants raise as to subject-matter jurisdiction. (*See* doc. 11 at 2). Jelks's sur-

---

[4] Jelks also includes in the conclusion to his complaint an account of alleged misconduct by his former VA attorney, (*see* doc. 1 at 7-8), but the attorney is not a party to this action and Jelks does not appear to allege a cause of action based on this misconduct.

reply again does not offer a counterargument, but instead discusses justice as a general matter and requests a hearing.  (*See* doc 15).

### A. Judicial Review of Veterans' Benefits Denial

Ostensibly, Jelks brings claims for racial discrimination in denial of benefits and seeks money damages for that discrimination.  Defendants contend Jelks's claims, insofar as they challenge denial of benefits, are barred by the VJRA, which provides that

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b) The second sentence of subsection (a) does not apply to--
>     (1) matters subject to section 502 of this title;
>     (2) matters covered by sections 1975 and 1984 of this title;
>     (3) matters arising under chapter 37 of this title; and
>     (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511.  The VJRA provides for an appeals process for denied benefits, culminating, if necessary, in review by the United States Supreme Court. *Hall v. U.S. Dep't of Veterans Affairs,* 85 F.3d 532, 534 (11th Cir. 1996).  Congress has chosen to bypass the district courts entirely in this review process: "judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits **may be had only** by appealing to the Board [of Veterans Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Id.* (emphasis added); *see also Karmatzis v. Hamilton,* 553 F. App'x. 617, 618–19 (7th Cir.2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.") (collecting cases).

6

Although Jelks does not directly seek an award of benefits, (*see* doc. 1 at 9 (seeking compensatory damages for "emotional distress, pain and suffering" and punitive damages)), and alleges his cause of action is for violation of his civil rights, he cannot evade the conclusion that he essentially seeks review of the determination by the Secretary of Veterans affairs that he was not entitled to benefits. Regardless of how Jelks frames his claims, a district court simply lacks subject-matter jurisdiction to consider a claim challenging a denial of individual benefits.[5] *See, e.g., Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1326 (N.D. Ala. 2016) (finding no jurisdiction under VJRA over claims that racial discrimination led to a denial of benefits); *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002) (same); *Pate v. Dep't of Veterans Affairs*, 881 F. Supp. 553, 556 (M.D. Ala. 1995) (due-process-based individual benefits claims barred under VJRA). Thus, Jelks's claims are due to be dismissed for lack of subject-matter jurisdiction to the extent they challenge the denial of his veterans' benefits.

**B. Constitutional Claims**

Notwithstanding the absence of subject-matter jurisdiction, the undersigned will also consider Jelks's claims to the extent they are arguably constitutional claims independent of the denial of benefits. Jelks purports to bring civil rights claims pursuant to 42 U.S.C. § 1983 against Defendants, all of whom are federal employees. (Doc. 1 at 1). Defendants assume these claims

---

[5] Conceivably, a district court might entertain a facial constitutional challenge to a VA regulation or to a statute governing benefits. *See Pate*, *v. Dep't of Veterans Affairs*, 881 F. Supp. 553, 555 (M.D. Ala. 1995) (noting "[i]t is not fully clear" that the VJRA has foreclosed such challenges). However, even liberally construing Jelks's complaint, he does not bring such a challenge.

were brought against them in their official capacities and argue these claims are due to be dismissed on the basis of sovereign immunity. (Doc. 8 at 9-10).

Defendants are correct when they argue a suit against a federal employee in his official capacity is a suit against the United States, which has not waived its sovereign immunity under § 1983 and which, in any event, is not a "person" within the meaning of § 1983. *See United States v. Timmons*, 672 F. 2d 1373, 1380 (11th Cir. 1982) (holding, in the context of §§ 1981 and 1982 claims, that the United States "has not waived its immunity to suit under the provisions of the civil rights statutes."); *Hoffman v. HUD*, 519 F.2d 1160, 1165 (5th Cir. 1975) ("[A] federal agency is . . . excluded from the scope of section 1983 liability.").[6] However this argument prizes the form of Jelks's complaint (Jelks's contention his suit is brought pursuant to § 1983) over its substance (the civil rights claims Jelks asserts); pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), and the undersigned declines to penalize Jelks for mistakenly identifying § 1983 as the basis for relief for constitutional claims against federal officials. Thus, the undersigned construes Jelk's civil rights claims against Defendants as claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which is the civil rights remedy against federal officials and is analogous to § 1983. *See Robinson v. United States*, 484 F. App'x. 421, 422 n.1 (11th Cir. 2012) (construing pro se § 1983 complaint as a *Bivens* action); *Hughley v. Lee Cty., Ala.*, No. 3:15CV126-MHT, 2015 WL 2168964, at *1 (M.D. Ala. May 8, 2015) (same).

---

[6] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

It is not clear whether Jelks intends to assert claims against Defendants in their individual or official capacities. Ordinarily, when there is a question about the nature of liability, the course of proceedings will typically indicate the liability sought to be imposed. *Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir. 1987) (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)). Here, to the extent that he refers to Defendants specifically, Jelks consistently refers to them by their official titles, (*see* doc. 1 at 1 & 9), and he did not dispute Defendants' characterization of his claims as brought against them in their official capacities in either his response or his sur-reply. However, a *Bivens* action may only be maintained against a federal official in his individual capacity, and does not allow a cause of action against a federal officer in his official capacity or against a federal agency. *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 297 (11th Cir. 2009) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)). Continuing to liberally construe Jelks's complaint, the undersigned assumes he intends to sue each Defendant in his or her individual capacity. *See Nalls*, 307 F. App'x at 298 ("If the district court had liberally construed [the plaintiff's] complaint, it would have found his claims to be against the individual defendants in their individual capacities to conform to his *Bivens* claim."). And, following the guidance of the Eleventh Circuit, the undersigned considers Jelks's *Bivens* claims under Rule 12(b)(6) rather than 12(b)(1). *Lee v. Hughes*, 145 F.3d 1272, 1277 n.2 (11th Cir. 1998). Thus, for the purposes of this section, the undersigned takes Jelks's allegations as true, resolves all inferences in his favor, and considers only the pleadings. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

The Supreme Court has allowed an implied cause of action under *Bivens* for constitutional violations in very limited circumstances. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

9

Specifically, the Court has recognized such a claim in three situations: in the original *Bivens* case, for persons injured by federal officers who violate their Fourth Amendment rights against unreasonable searches and seizures, *see* 403 U.S. at 397; for gender discrimination in employment in violation of the employee's Fifth Amendment rights, *see Davis v. Passman*, 442 U.S. 228 (1979); and for failing to provide adequate medical care to an inmate in violation of his Eighth Amendment rights, *see Carlson v. Green,* 446 U.S. 14 (1980). "[T]he Court has urged 'caution' before 'extending *Bivens* remedies into any new context.'" *Ziglar*, 137 S. Ct. at 1854 (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). The context is new if the case differs in a "meaningful way" from previous *Bivens* cases decided by the Supreme Court. *Ziglar*, 137 S.Ct. at 1859.

Liberally construed, Jelks's complaint alleges Defendants discriminated against him on the basis of his race by refusing to pay various benefits, a purported violation of the equal protection component of the Fifth Amendment's due process clause. (*See* doc. 1 at 6-9). Racial discrimination in the payment of benefits—and racial discrimination in the abstract, separate from employment—is entirely unlike any previously-recognized *Bivens* action, and is therefore a new context requiring the court to assess whether "special factors counselling hesitation in the absence of affirmative action by Congress" exist. *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18 (internal quotation marks omitted)). The inquiry focuses on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. One factor suggesting a *Bivens* claim is foreclosed is when Congress has established an alternative remedial structure. *Id.* at 1858.

Regardless of the basis—constitutional or otherwise—on which Jelks complains of a denial of benefits, there is an alternative remedial scheme established by Congress to challenge such a

10

denial: the VJRA. Although the Eleventh Circuit has apparently not addressed the issue directly, every circuit court to consider the issue has determined a *Bivens* action is foreclosed by the VJRA. *See Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995); *Sugrue v. Derwinski*, 26 F.3d 8, 12 (2d Cir. 1994); *Zuspann v. Brown*, 60 F.3d 1156, 1161 (5th Cir. 1995); *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009). Allowing an action for damages when a plaintiff claims a discriminatory basis for a denial of benefits would necessarily interfere with the VJRA's remedial scheme by completely bypassing it solely based on an allegation of discrimination, notwithstanding (as described above) Congress's decision to remove the district courts from the review process. The practical implications and weight of authority counsel strongly against finding an implied damages remedy under *Bivens* for a denial of benefits based on racial discrimination, and the undersigned declines to do so. Therefore, Jelks's *Bivens* claims are due to be dismissed under Rule 12(b)(6) for failure to state a claim.

**C. Exhaustion of Claims Under the FTCA**

Defendants argue Jelks has not complied with the requirements of the FTCA with respect to any state law tort claims he asserts because he has failed to exhaust administrative remedies prior to filing suit.[7] Although Jelks does not specifically identify the legal theories he proceeds under beyond invoking § 1983, portions of his complaint could plausibly be read to include tort claims. For example, Jelks claims in a paragraph labeled "1A. **<u>Allowed a release of information</u>**"

---

[7] Defendants also contend Jelks has failed to satisfy exhaustion requirements under Title VII prior to bringing a suit based on employment discrimination. (*See* doc. 8 at 7-8, 16). However, Jelks does not appear to assert an employment discrimination claim; he mentions his wrongful termination in May 2007, but alleges only that his benefits were denied because of the wrongful termination suit he filed. (*See* doc. 1 at 5-6). And given the chance to explain this, Jelks clarifies in his response that his wrongful termination is implicated in this suit only to the extent it explains the denial of his benefits. (*See* doc. 11 at 2).

that "[a] clerk at the VA Hospital in Murfreesboro, TN . . . completely CHANGED and altered my medical records, to make them say things that Dr Saha did not write in them" (presumably a reference Defendant Melissa S. Kindley, identified in the complaint as "release of information clerk, VA hospital Murfreesboro, TN," (*see* doc. 1 at 1)). (Doc. 1 at 6). To the extent this (or any other of Jelks's claims) constitutes a tort claim, the undersigned addresses Defendants' contentions regarding exhaustion under the FTCA.

The FTCA is a limited waiver of sovereign immunity by the United States. Under the FTCA,

> [a]n action shall not be instituted upon a claim against the United States for money damages or lost property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This is a jurisdictional bar to suit; if a claimant has not exhausted his administrative remedies, he may not bring suit in federal court. *United States v. Kubrick,* 444 U.S. 111, 117–18 (1979).

In support of their contention Jelks has failed to exhaust his administrative remedies, Defendants attach the declaration of W. Robert Boulware, an attorney with the VA's Office of Regional Counsel in Montgomery, Alabama. (*Id.* at 15-16). Boulware states there has been no Federal Tort Claims Act ("FTCA") administrative claim for negligence or wrongful conduct filed by Jelks as of December 8, 2016. (*Id.*). Jelks has not refuted this contention, even by assertion. Therefore, to the extent he alleges tort claims against Defendants, those claims are due to be dismissed for lack of subject-matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court lacks subject-matter jurisdiction over Jelks's claims to the extent they relate to his veterans' benefits and state law tort claims. Additionally, Jelks has failed to state a claim under *Bivens* for constitutional violations by Defendants. Therefore, Defendants' motion to dismiss, (doc. 8), is due to be **GRANTED** insofar as it seeks dismissal of Jelks's claims. Jelks's motion for a hearing is **DENIED**.

DONE this 13th day of September, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE